**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4305**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

ALAN LUN WAI NG, a/k/a Lun Waing,

              Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:07-cr-00024-RLV-CH-1)

_____

Submitted: April 15, 2010          Decided: May 14, 2010

_____

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

R. Deke Falls, BARNETT & FALLS, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan Lun Wai Ng pled guilty, without the benefit of a plea agreement, to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (2000), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841 (2006). Ng was sentenced at the bottom of his advisory Sentencing Guidelines range to twenty-four months' imprisonment. On appeal, Ng's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating, in his view, there are no meritorious issues for appeal, but raising the issues of whether the district court committed procedural errors in imposing Ng's sentence and whether Ng's sentence is substantively unreasonable.[*] We affirm the judgment of the district court.

This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, the appellate court must first ensure that the district court committed no procedural error. Gall, 552 U.S. at 51. If there are no procedural errors, the appellate court then considers the

---

[*] Ng was informed of his right to file a pro se supplemental brief. He has elected not to do so.

2

substantive reasonableness of the sentence. Id. A substantive reasonableness review entails taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quotations and citation omitted). This court presumes that a sentence within a properly calculated guidelines range is reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant 18 U.S.C. § 3553(a) (2006) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. Stating in open court the particular reasons for a chosen sentence requires the district court to set forth enough to satisfy this court that the district court has a reasoned basis for its decision and has considered the parties' arguments. Id. "'Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence' than that set forth in the advisory Guidelines, a district judge should address the party's arguments and 'explain why he has rejected those arguments.'" Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007). Failure to address a party's non-

3

frivolous sentencing arguments and adequately explain the chosen sentence constitutes procedural error. United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010).

We recently clarified the standard of review applicable to the adequacy of a district court's explanation of a defendant's sentence and the method by which a defendant may preserve an objection to that explanation. Lynn, 592 F.3d at 576-78. "[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, [this court] review[s] for abuse of discretion" and will reverse unless the court can conclude "that the error was harmless." Id. at 576. "An aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," and thereby, the party sufficiently "preserves its claim." Id. at 578. However, if a defendant fails to preserve his or her claim, this court reviews only for plain error. Id. at 577. Here, Ng sufficiently preserved his claims by arguing for a variance sentence, and they are, therefore, reviewed for abuse of discretion. See United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010).

Ng first claims the district court erred in denying his request for a variance sentence on the ground that he had

4

already received the benefit of a minor role adjustment and the safety valve provision. The transcript clearly indicates, though, that the district court did not deny a further reduction because of the safety valve provision and USSG § 3B1.1, but merely cited to those two provisions to explain that the court was "being generous with the sentence" by not imposing a sentence at the high end or above Ng's advisory guidelines range. Accordingly, Ng fails to demonstrate error by the district court, and his claim fails.

Ng next argues that the district court committed procedural error in failing to address his argument that, due to his status as a deportable alien, the district court should impose a variance sentence. See 18 U.S.C. § 3553(a)(6). According to Ng, his status as a deportable alien created unwarranted sentencing disparities between himself and a U.S. citizen found guilty of similar conduct because he would not be eligible to spend the final ten percent of his sentence in a halfway house and would remain detained pending deportation.

In sentencing Ng, the district court indicated that it would have been inclined to impose a sentence near the high end of Ng's advisory guidelines range due to questions surrounding Ng's disclosures to the Government. However, the district court selected a sentence near the bottom of Ng's advisory guidelines range due to Ng's family situation and lack of a prior record.

The district court then stated that it "will decline to give any variance because it is not appropriate under these circumstances." The district court never explicitly stated why Ng's reasons for a variance sentence were rejected. Assuming that the district court's failure to provide such an explanation constituted significant procedural error, we find the error was harmless because the Bureau of Prisons is given sole authority to determine where an inmate will serve his or her sentence. See 18 U.S.C. § 3621(b) (2006); Elwood v. Jeter, 386 F.3d 842, 844, 847 (8th Cir. 2004); Goldings v. Winn, 383 F.3d 17, 22 (1st Cir. 2004); see also 18 U.S.C. § 3624(c)(2) (2006) (authorizing the Bureau of Prisons to place a defendant in a halfway house).

Finally, Ng's sentence was substantively reasonable. This court presumes a sentence within the guidelines range is reasonable, and the record does not rebut that presumption in this case.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Ng's convictions and sentence. This court requires that counsel inform Ng, in writing, of the right to petition the Supreme Court of the United States for further review. If Ng requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

6

representation.  Counsel's motion must state that a copy thereof was served on Ng.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED